The court incorporates by reference in this paragraph the Judgment set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



John P. Gustafson
United States Bankruptcy Judge

Dated: October 8 2014

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-31066 |
| | ) | |
| Thomas Urbina, Jr., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 14-3083 |
| | ) | |
| Ohio Department of Job and Family Services, | ) | Judge John P. Gustafson |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Thomas Urbina, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF DECISION AND ORDER

This adversary proceeding is before the court upon Plaintiff Ohio Department of Job and Family Services' ("Plaintiff") "Complaint To Determine Dischargeability Of Claim Of The State Of Ohio, Department Of Job And Family Services Against Thomas Urbina Jr." ("Complaint") [Doc. # 1]. Defendant is the debtor in Chapter 7 Case No. 14-31066 in this court. Plaintiff is an agency of the State of Ohio and a creditor of Defendant.

On July 11, 2014, the Clerk issued a summons and notice of pre-trial conference [Doc. # 3]. The executed return on service [Doc. # 4] shows that the summons and Complaint were timely served

on Defendant at his address as set forth in his petition in the underlying Chapter 7 case by regular United States mail. Fed. R. Bankr. P. 7004(b)(9). The summons required an answer or other response to the Complaint to be filed by August 11, 2014.

On August 25, 2014, the court held the scheduled pre-trial conference. Plaintiff appeared by telephone, and there was no appearance on behalf of Defendant and no answer or other response to Plaintiff's complaint had been served and filed by Defendant. [Doc. # 7]. Accordingly, the court ordered that the Plaintiff file a motion for default judgment, in addition to some proof regarding the amount sought in the judgment, and that the clerk enter the default of Defendant. [Doc. # 8]. The Clerk entered Defendant's default on the Complaint [Doc. # 9] under Fed. R. Civ. P. 55(a), applicable under Fed. R. Bankr. P. 7055.

A review of the record shows that no answer or other response to the Complaint has been filed. Plaintiff has certified in a Declaration filed with the court, [Doc. # 6], that Defendant is not in the military service of the United States to the best of her knowledge and information, complying with the Servicemembers Civil Relief Act. Plaintiff has also filed with the court proof regarding the amount sought in the judgment, provided in Exhibit A, Exhibit A-1 [Doc. # 12, Exhibit A and A-1], and the "Affidavit of Current Balance Due By Diana Mingus, Manager, Bureau of Program Services, Revenue Recovery Unit." [Doc. # 15]. Therefore, pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. P. 7055, Plaintiff's Motion for Default Judgment [Doc. # 12] will be **GRANTED.**

The legal basis for the Complaint is 11 U.S.C. § 523(a)(2)(A) and (B), and 11 U.S.C. § 523(a)(6). 11 U.S.C. § 523(a)(2)(A) and (B) provide that a debt incurred under certain circumstances involving false pretenses, specifically used in a statement in writing, shall be excepted from a debtor's bankruptcy discharge. Additionally, 11 U.S.C. § 523(a)(6) provides that a debt for willful and malicious injury by the debtor to another entity or to the property of another entity shall be

excepted from a debtor's bankruptcy discharge. The debt in issue is $13,827.48, which was incurred by the Defendant after he applied for, and received, unemployment benefits from September 12, 2009 through February 6, 2010.

Plaintiff claims that Defendant was employed at Alger Transport "in or around September 12, 2009 through February 6, 2010" [Doc. # 1, ¶ 6] and withheld the information to obtain benefits to which he was not entitled. Plaintiff avers that Defendant received overpayments from Plaintiff in the amount of $7,833.00. As of April 30, 2014, the principal amount, plus 14% interest compounded monthly, totals $13,827.48 still owed to Plaintiff. Plaintiff states that Defendant fraudulently accepted the unemployment payments (obtained via false representations written in his application), and this constitutes payment under false pretenses. Plaintiff also avers that Defendant's acceptance of the unemployment benefits, when he had the knowledge that due to his employment at Alger Transport, he was unentitled to said benefits, constitutes "a willful and/or malicious conversion of [Plaintiff's] funds." [*Id.* at ¶ 13].

The district court has jurisdiction over the Debtor's underlying Chapter 7 bankruptcy case and this adversary proceeding. 28 U.S.C. § 1334. The Chapter 7 case and all related proceedings, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 2012-7 entered on April 4, 2012 by the United States District Court for the Northern District of Ohio. This adversary proceeding is a core proceeding in which this court can make a final determination because it involves a determination as to the dischargeability of a particular debt. 28 U.S.C. § 157(b)(2)(I).

The court finds that notice, including the service of the summons and Complaint pursuant to Fed. R. Bankr. P. 7004(b)(9), has been duly and properly been afforded to Defendant at all stages of this adversary proceeding and in the underlying Chapter 7 case. No mail to Defendant from the

court to the address in the Chapter 7 petition and as specified in the Complaint has been returned. The court therefore finds that Defendant has failed to plead or otherwise defend this action as required by the applicable rules of procedure.

Defendant's failure to answer the complaint does not, standing alone, entitle Plaintiff to a default judgment as a matter of right. *American Express Centurion Bank v. Truong (In re Truong)*, 271 B.R. 738, 742 (Bankr. D. Conn. 2002); *Webster v. Key Bank (In re Webster)*, 287 B.R. 703, 709(Bankr. N.D. Ohio 2002); *Columbiana County Sch. Emples. Credit Union, Inc. v. Cook (In re Cook)*, 2006 Bankr. LEXIS 446 at *9--*10 (B.A.P. 6th Cir. Apr. 3, 2006). In determining whether a default judgment is appropriate, "the court should [accept] as true all of the factual allegations of the complaint, except those relating to damages" and afford plaintiff "all reasonable inferences from the evidence offered." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Yet the court must still decide whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Smith v. Household Fin. Realty Corp. Of New York (In re Smith)*, 262 B.R. 594, 597 (Bankr. E.D.N.Y. 2001). Where the claim sounds in fraud, the court must evaluate the evidence presented to assure that the plaintiff has presented a prima facie case. *In re Truong*, 271 B.R. at 742. In this case, the straightforward and well-pleaded factual allegations of the Complaint and the basic circumstances underlying it substantiate and establish the cause of action against Defendant.

Plaintiff relies on § 523(a)(2)(A), (B), and § 523(a)(6) of the Bankruptcy Code, in contending that Defendant incurred a debt to it that should be excepted from his discharge. For purposes of § 523(a)(2)(A), "false representations and false pretenses encompass statements that falsely purport to depict current or past facts," *Peoples Sec. Fin. Co., Inc. v. Todd (In re Todd)*, 34 B.R. 633, 635 (Bankr. W.D. Ky. 1983), with a "'false representation' ... [being] an express misrepresentation,"

*Ozburn v. Moore (In re Moore)*, 277 B.R. 141, 148 (Bankr. M.D. Ga. 2002)(quoting *Sears Roebuck & Co. v. Faulk (In re Faulk)*, 69 B.R. 743, 750 (Bankr. N.D. Ind. 1986)).

In order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money or services through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998). In order to except a debt from discharge, a creditor must prove each of these elements by a preponderance of the evidence. *Id.* at 281.

A debtor's intent to defraud a creditor under § 523(a)(2)(A) is measured by a subjective standard and must be ascertained by the totality of the circumstances of the case at hand. *Id.*; *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 281-82 (6th Cir. 1998). A finding of fraudulent intent may be inferred on the basis of circumstantial evidence or from the debtor's "course of conduct," as direct proof of intent will rarely be available. *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 724 (B.A.P. 6th Cir. 1999).

Section 523(a)(6) provides that a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable. 11 U.S.C. § 523(a)(6). In order to be entitled to a judgment that the debt is excepted from discharge, Plaintiff must prove by a preponderance of the evidence that the injury from which the debt arises was both willful and malicious. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999); *J & A Brelage, Inc. v. Jones (In re Jones)*, 276 B.R. 797, 801-2 (Bankr. N.D. Ohio 2001).

Addressing the "willful" requirement of § 523(a)(6), the Supreme Court agreed that "the (a)(6) formulation triggers in the lawyer's mind the category 'intentional torts,' as distinguished from

14-03083-jpg    Doc 18    FILED 10/08/14    ENTERED 10/08/14 11:16:03    Page 5 of 8

negligent or reckless torts" and held that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). A willful injury thus occurs when "(i) the actor desired to cause the consequences of the act or (ii) the actor believed that the given consequences of his act were substantially certain to result from the act." *Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298, 307 (B.A.P. 6th Cir. 2004) (citing *Markowitz*, 190 F.3d at 464). Under § 523(a)(6), "'malicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent." *Id.* (citing *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986)).

The court finds that the straightforward and well-pleaded averments of Plaintiff's Complaint constitute a valid cause of action under § 523(a)(2) and 523(a)(6) and deems them as true as a result of Defendant's default. Here, Plaintiff, through it's complaint, exhibits, and affidavits, has adequately proven that Defendant obtained unemployment overpayments through a material misrepresentation that he knew to be false at the time it was made. Defendant was employed by Alger Transport when he represented to Plaintiff, in writing, that he was unemployed. It was Defendant's intent to deceive the Plaintiff, and his deception resulted in Plaintiff justifiably relying on the false representation. Plaintiff's reliance on Defendant's misrepresentation was quite clearly the proximate cause of Plaintiff's lose. The court also finds that Defendant acted in a willful and malicious manner, as the Defendant desired to cause the consequences, the Plaintiff's overpayments, that came about as a result of his misrepresentation of being unemployed on his application.

As a proximate result of extending unemployment benefits to Defendant, and based on his willful misrepresentations, Defendant received overpayments from Plaintiff in the amount of $7,833.00. As of April 30, 2014, the principal amount, plus 14% interest compounded monthly,

totals $13,827.48 still owed to Plaintiff. Plaintiff also incurred $350 in filing fees and $600 in attorney fees in filing the current adversary.

The ruling in the case at hand is in line with recent decisions made within the Sixth Circuit. In *In re Perrin*, the Ohio Department of Job and Family Services ("the plaintiff") sued Antwoine C. Perrin ("the defendant") under 523(a)(2)(A) and (B) to determine dischargeability of a debt for food assistance overpayments. In finding for the plaintiff and ruling that the debt was nondischargeable, the *Perrin* court held that the plaintiff justifiably relied upon the defendant's misrepresentations made within his applications for food assistance, with the proximate result of such reliance being the overpayment of food assistance. *In re Perrin*, No. 12-31794, 2013 WL 509130 (Bankr. N.D. Ohio Feb. 11, 2013). The *Yuppa* court also ruled in favor of the Ohio Department of Job and Family Services in their determination of dischargeability action under 523(a)(2). In *In re Yuppa*, the court found that the plaintiff justifiably relied on Ms. Yuppa's false representations made in her application for benefits, and plaintiff's reliance on said representations was the proximate cause for the overpayment in unemployment compensation benefits. The debt owed to the plaintiff was found to be nondischargeable pursuant to 523(a)(2)(a). *In re Yuppa*, No. 12-31619, 2013 WL 4854479 (Bankr. S.D. Ohio June 12, 2013).

Here, Plaintiff has established that Defendant has incurred a debt to it that is non-dischargeable under § 523(a)(2) and (a)(6). It also requests that the court enter a non-dischargeable judgment against Defendant on account of that debt, plus interest, costs, or any other such relief as the court may deem appropriate. The court shall grant Plaintiff's request.

Based on the foregoing reasons and authorities, Plaintiff's Motion for Default Judgment [Doc. # 12] is hereby **GRANTED.** A separate, final judgment against Defendant in accordance with this Memorandum of Decision and Order shall be entered by the Clerk.

**IT IS SO ORDERED.**